PER CURIAM.
The Board of Governors of The Florida Bar has petitioned this Court to adopt an amendment to Florida Bar Integration Rule, article XI, Rule 11.03(7). We have jurisdiction. Art. V, § 15, Fla. Const.
The proposed amendment to the rule requires existing Rule 11.03(7) to be struck in its entirety and a new section of the Florida Bar Integration Rule, article XI, be created as follows:
RULE 11.16
DISQUALIFICATION AS TRIER
AND ATTORNEY FOR RESPONDENT DUE TO CONFLICT
(1) No employee of The Florida Bar and no member of the Board of Governors of The Florida Bar shall represent a party other than The Florida Bar in any of the following specific matters: (1) designation appeals; (2) certification appeals; (3) appeals to or from the committee on professional ethics; (4) cases being investigated or litigated involving the unauthorized practice of law.
*401 No former member of the Board of Governors nor former employee of The Florida Bar shall represent any party other than The Florida Bar in such matters if personally involved to any degree in the matter while a member of such Board of Governors or while an employee of The Florida Bar.
(2) An attorney shall not represent any party other than The Florida Bar in proceedings provided for in these disciplinary rules under any of the following circumstances:
(a) If the attorney is a member or former member of the Board of Governors, member or former member of any grievance committee, or employee or former employee of The Florida Bar, and while in such capacity participated personally in any way in the investigation or prosecution of the matter or any related matter, in which he seeks to be a representative or if he served in a supervisory capacity over such investigation or prosecution.
(b) A partner, associate, employer or employee or an attorney prohibited from representation by subparagraph (a) shall likewise be prohibited from representing any such party.
(c) A member of the Board of Governors shall not represent any party except The Florida Bar while serving as a member of the Board of Governors or for one year thereafter.
(d) An employee of The Florida Bar shall not represent any party except The Florida Bar while an employee of The Florida Bar, and shall not thereafter represent such party for a period of one year without the express consent of the Board of Governors.
(e) A member of a grievance committee shall not represent any party except The Florida Bar while a member of a grievance committee, and shall not thereafter represent such party for a period of one year without the express consent of the Board of Governors.
(f) A partner, associate, employer or employee of an attorney prohibited from representation by subsections (c), (d), and (e) of this rule shall not represent any party except The Florida Bar without the express consent of the Board of Governors.
(g)It shall be the duty of the Staff Counsel of The Florida Bar to determine, upon inquiry by any person, whether an attorney is disqualified by reason of the provisions of this rule and to notify the Board of Governors and the affected attorney of such disqualification in which event the disqualified attorney shall immediately withdraw from representation unless an appropriate waiver can be and is obtained from the Board of Governors.
This amendment to the Florida Bar Integration Rule is hereby adopted, effectively striking and replacing Rule 11.03(7). We order that the new rule, Florida Bar Integration Rule, article XI, Rule 11.16, shall become effective on the date on which this opinion is filed.
It is so ordered.
SUNDBERG, C. J„ ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.